UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWARD GIOVANNI (#96746)**          **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**          **NO. 13-0566-BAJ-RLB**

## O R D E R

This matter comes before the Court on the plaintiff's "Motion for Extension of Time for Discovery and Summary Judgment Deadlines ..." (Rec. Doc. 20), Motion to Compel Discovery (Rec. Doc. 21), and Motion to Strike (Rec. Doc. 24). In the first Motion, the plaintiff seeks an extension of time within which to complete discovery and file cross-motions for summary judgment. In the second Motion, the plaintiff seeks a more complete response to initial discovery and a declaration that any objections the defendants may have to his written discovery have been waived by their failure to respond. In his third Motion, the plaintiff requests that the defendants' responses to his Requests for Admissions (Rec. Docs. 15-18) be stricken from the record and that the matters addressed therein be deemed admitted. These Motions are opposed.

Pursuant to Order dated October 21, 2013 (Rec. Doc. 4), the Court directed the defendants, upon being served, to file into the record of this proceeding all documentation deemed pertinent to the plaintiff's claims. The Court's Order further directed the parties to complete all discovery within ninety (90) days of the defendants' first appearance and to file cross-motions for summary judgment within one hundred and twenty (120) days of such appearance. The Court's Order also authorized the parties to engage in additional limited

discovery as stated therein.

Pursuant to Answer filed herein on February 19, 2014 (Rec. Doc. 7), the defendants formally appeared in this proceeding. Shortly thereafter, on or about February 28, 2014, the plaintiff propounded written discovery requests to the defendants, *see* Rec. Docs. 9-11.[1] On April 10, 14 and 16, 2014, respectively, the defendants filed responses thereto, *see* Rec. Docs. 12-19 and 23. It does not appear, however, that the defendants timely complied with that part of the Court's Order which directed them to file into the record documentation deemed pertinent to the plaintiff's claims. Notwithstanding, it appears that the defendants' responses to the plaintiff's requests for production of documents included more than 1,100 pages of pertinent documentation, *see* Rec. Doc. 19, and the plaintiff has not identified any documentation that is missing or has not been produced in connection with the defendants' responses.[2]

Addressing first the plaintiff's Motion to Compel Discovery (Rec. Doc. 21), the Court finds that this Motion shall be denied because the plaintiff has not provided certification, as mandated by Rule 37(a)(1) of the Federal Rules of Civil Procedure, that he has in good faith conferred or attempted to confer with the opposing party in an effort to obtain compliance with the referenced discovery without intervention by the Court. All that the plaintiff has provided in this regard is a copy of correspondence which he purportedly sent to the defendants' attorney in February, 2014, *before he even properly served his written discovery upon the defendants*,

---

1. Although the plaintiff asserts that he forwarded written discovery to the Office of the Louisiana Attorney General in December, 2013, this discovery was not properly served upon the defendants, either personally or through their attorney, and so was of no legal effect.

2. The Court notes, however, that the documentation produced by the defendants does not include a copy of the plaintiff's pertinent administrative remedy proceedings. Accordingly, the Court will direct that the defendants file a certified copy of this documentation into the record of this proceeding.

wherein he states that he is attempting to Comply with Rule 37(a)(1). *See* Rec. Doc. 20-1. This correspondence does not comply with the referenced Rule.

Turning to the plaintiff's "Motion for Extension of Time for Discovery and Summary Judgment Deadlines" (Rec. Doc. 20), the Court finds that this Motion shall also be denied. As previously noted, the defendants have recently provided responses to the plaintiff's written discovery, and those responses include voluminous documentation pertinent to the plaintiff's claims. In addition, those responses were forwarded to the plaintiff at approximately the same time as the plaintiff's filing of the instant Motion for Extension, and the parties' submissions may have crossed in the mail. Thus, the defendants' response to discovery may obviate the need for any extension. Further, as pointed out by the defendants, the Court-ordered discovery period has not yet elapsed, and the plaintiff has neither filed a motion seeking leave to propound additional discovery nor advised the Court of any proposed additional discovery that he requires. Accordingly, there is no basis for an extension of the discovery and motion deadlines at this time.

Finally, in the plaintiff's Motion to Strike (Rec. Doc. 24), he asserts that because the defendants' responses to his requests for admissions were untimely, those responses (Rec. Docs. 15-18) should be stricken from the record, and the matters addressed therein should be deemed admitted. In this regard, the record reflects that the plaintiff's requests for admissions were filed into the record on March 3, 2014, and were electronically served upon the defendants' attorney on that date. *See* Rec. Doc. 10. It further appears from the record that the defendants' responses to these requests were neither filed into the record nor mailed to the plaintiff until, at the earliest, April 9 and 10, 2014, more than thirty (30) days thereafter. *See* Rec. Docs. 15-18. In this regard, Rule 36(a)(3) of the Federal Rules of Civil Procedure provides that a matter addressed in a

request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Rule 36(b) further provides that any matter admitted under that Rule is deemed to be conclusively established. The courts have found that this conclusive effect applies equally to admissions which are made affirmatively and to those which are established by default when a responding party has failed to respond or has provided an untimely response. *See American Automobile Association, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Rule 36 has also been found to be self-executing, and there is no need for the Court to enter a Ruling when a party has failed to timely respond to a request for admission. *See Landry v. LaFourche Parish Detention Center,* 2014 WL 198160 (E.D. La. Jan. 16, 2014) (denying a motion to deem requests admitted by default because, "under operation of law, the requested matters are deemed admitted and conclusively established without involvement of the Court"); *Segraves v. City of Zachary,* 2009 WL 3764014 (M.D. La. Nov. 9, 2009) (same); *Woods v. State,* 2009 WL 1406993 (M.D. La. May 19, 2009) (same). Accordingly, inasmuch as the matters addressed in the plaintiff's requests for admissions are deemed admitted by operation of law because the defendants failed to provide a timely response thereto, the plaintiff's Motion to Strike shall be denied as unnecessary. Therefore,

**IT IS ORDERED** that the plaintiff's "Motion for Extension of Time for Discovery and Summary Judgment Deadlines ..." (Rec. Doc. 20) be and it is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Compel Discovery (Rec. Doc. 21) be and it is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Strike (Rec. Doc. 24) be and

it is hereby **DENIED AS UNNECESSARY**.

**IT IS FURTHER ORDERED** that, within seven (7) days of the date of this Order, the defendants shall file into the record of this proceeding a certified copy of the plaintiff's pertinent administrative remedy proceedings.

Signed in Baton Rouge, Louisiana, on May 19, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**