# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

EDWARD GIOVANNI

CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.

NO.: 13-00566-BAJ-RLB

## RULING AND ORDER

On February 12, 2015, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Edward Giovanni's ("Plaintiff") Motion for Summary Judgment (Doc. 31) be denied, and that Defendants' Motion for Summary Judgment (Doc. 29), filed by Burl Cain, Kenneth Norris, Stephanie Lamartiniere, and Jason Collins (collectively, "Defendants") be granted in part, dismissing all of Plaintiff's claims except for his claim for compensatory damages asserted against Jason Collins in his individual capacity, and Plaintiff's claim for injunctive relief asserted against all Defendants for alleged deliberate medical indifference. (Doc. 32).

The Magistrate Judge's Report and Recommendation specifically notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 32 at p. 1). A review of the record indicates that Plaintiff timely filed an Opposition

and Traverse to Magistrate's Report on February 18, 2015.[1] (Doc. 33). Defendants have filed no objections.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 32)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 29)** is **GRANTED IN PART**, and **DENIED IN PART**, dismissing all of Plaintiff's claims except for his claim for compensatory damages

---

[1] In his objections, Plaintiff states that the Magistrate Judge "permitted the Defendants to controvert Requests for Admissions deemed admitted by operation of law through inappropriate use of affidavits." (Doc. 33 at p. 1). To the contrary, the Magistrate Judge specifically noted that "because the defendants did not submit timely responses to the plaintiff's Requests for Admission, the matters addressed therein were deemed established for purposes of this case" pursuant to Federal Rule of Civil Procedure 36(a) and (b). (Doc. 32 at p. 14-15 n.4). The Magistrate Judge further noted the existence of an "unconstitutional policy" at the Louisiana State Penitentiary, in which medical care and surgeries are denied due to lack of funds. (*Id*. at p. 15). To be clear, Plaintiff's claims were not dismissed because the Magistrate Judge improperly considered facts that had previously been deemed admitted. Instead, most of Plaintiff's claims were dismissed as a matter of law because they were not cognizable under Section 1983 in one way or another. (*See id*. at p. 5 (claims barred by the Eleventh Amendment); *id*. at pp. 7-10 (dismissing conditions claims because claims were conclusory and uncorroborated); *id*. at p. 10 ("no constitutional right to any particular classification or housing assignment"); *id*. at pp. 11-12 (claims were insufficient to establish a prima facie case of discrimination under the Americans with Disabilities Act)). Further, with respect to those claims, Plaintiff's objections do no more than restate the facts previously provided. That Plaintiff provides some factual detail is not enough. In short, the standard for establishing a claim of unconstitutional conditions is quite high, and Plaintiff has failed to meet that standard as a matter of law. (*See id*. at pp. 9-10). Finally, with respect to Plaintiff's deliberate indifference claim regarding medical care he has received or failed to receive for his hernia(s), the Magistrate Judge found that a genuine dispute of material fact existed to warrant denial of Defendants' motion for summary judgment. (*Id*.at p. 14). Accordingly, Plaintiff's objections are without merit.

asserted against Jason Collins in his individual capacity and Plaintiff's claims for injunctive relief asserted against all Defendants. To the extent that Plaintiff's Complaint may be interpreted as seeking to invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, the Court declines to exercise such jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Summary Judgment (Doc. 31)** is **DENIED**,

**IT IS FURTHER ORDERED** that this matter be referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this _10th_ day of March, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**