UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWARD GIOVANNI (#96746)**                                CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**                                    NO.: 13-00566-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion in Limine to Exclude Plaintiff's Photographs (Doc. 67)** filed by Defendants N. Burl Cain, Kenneth Norris, Stephanie Lamartiniere, and Dr. Jason Collins (collectively, "Defendants"). The motion is opposed. (*See* Doc. 68).

This case, as it currently stands, involves two parties and one cause of action. (*See* Docs. 32, 34). Plaintiff Edward Giovanni ("Plaintiff"), an inmate at Louisiana State Penitentiary ("LSP"), has sued Defendant Dr. Jason Collins in his individual capacity for damages arising out of a hernia surgery that, in Plaintiff's telling, was delayed for so long that it constituted deliberate medical indifference in violation of the Eighth Amendment. (*See* Doc. 1 at pp. 12—14).

Plaintiff now seeks to introduce three photographs of his hernia at trial. (*See* Doc. 62-1 at p. 5); (*See* Doc. 67-2); (*See* Doc. 67-3); (*See* Doc. 67-4). Defendants object and seek to have the photographs excluded under Federal Rule of Evidence ("Rule") 403. (*See* Doc. 67-1).

Ultimately, the Court finds that the photographs possess sufficient probative value to preclude their exclusion under Rule 403. *Cf. United States v. Dillon*, 532 F.3d 379, 391 (5th Cir. 2008) (noting that "[r]elevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion . . . under Rule 403") (emphasis in original); *United States v. Morris*, 79 F.3d 409, 411 (5th Cir. 1996) (referring to Rule 403 as an "extraordinary measure that should be used sparingly"). That is, they speak to Plaintiff's "pain and suffering in a way that the mere recitation of . . . [Plaintiff's medical records] cannot impart." *Paige ex rel Paige v. Mariner Health Care, Inc.*, No. CIVA. 506CV162DCBJMR, 2008 WL 7176042, at *4 (S.D. Miss. May 22, 2008); *see also Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 586 (5th Cir. 1985).

To the extent that Dr. Randy Lavespere believes that the photographs do not accurately depict Plaintiff's hernia, (*see* Doc. 67-5 at ¶¶ 6—7), he is, if called, free to so testify at trial.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion in Limine to Exclude Plaintiff's Photographs (Doc. 67)** is **DENIED.**

Baton Rouge, Louisiana, this 14th day of April, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**